UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WARITH R. MUHAMMAD and RAW HIT ENTERTAINMENT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 21-1168 |
| HOME BOX OFFICE, INC. | ) ) ) |
| Defendant. | ) |

**ORDER AND OPINION**

This matter is now before the Court on Defendant, Home Box Office, Inc's. ("HBO"), Motion to Dismiss Plaintiffs Warith R. Muhammad and Raw Hit Entertainment's, ("Plaintiffs") *pro se* Complaint under Fed. R. Civ. P. 12(b)(6). ECF No. 6. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

BACKGROUND

Plaintiffs Warith R. Muhammad and Raw Hit Entertainment allege that Defendant's television show "HBO/The Shop-with Lebron James" (*The Shop: Uninterrupted,* hereinafter, the "Series") infringes their copyright. ECF No. 1-2. On February 7, 2020, Plaintiff Muhammed notified Defendant of his allegation and demanded that Defendant immediately cease and desist from further infringement. *Id*. Additionally, contained within this same communication, Plaintiff Muhammed proffered a settlement offer to Defendant. *Id*. On July 28, 2020, Plaintiffs filed a Complaint against Defendant in the Circuit Court of the Tenth Judicial Circuit for Peoria County, Illinois. *Id*. On June 4, 2021, Defendant removed the case to the United States District Court for the Central District of Illinois citing federal question and diversity jurisdiction. ECF. No. 1. On June 11, 2021, Defendant filed a Motion to Dismiss for Failure to State a Claim. ECF. Nos. 6, 7.

On June 25, 2021, Plaintiffs filed their response to the Motion to Dismiss. ECF. No. 9. This Opinion follows.

### STANDARD OF REVIEW: MOTION TO DISMISS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together," to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

When evaluating a motion to dismiss, courts must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 681.

### LEGAL STANDARD: COPYRIGHT INFRINGEMENT

To establish copyright infringement, a plaintiff is required to prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016) (quotations omitted). As to the second requirement, due to the rarity of direct evidence of copying, "a plaintiff

2

may prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012); *see also Nova Design Build, Inc. v. Grace Hotels, LLC*, 652 F.3d 814, 817–18 (7th Cir. 2011).

The substantially similar test, also known as the "ordinary observer" test, requires the Court to consider "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) (citation omitted). The Seventh Circuit has recently simplified the test for substantial similarity, namely, whether "the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters*, 692 F.3d at 633–34. "The test for substantial similarity is an objective one." *JCW Inv., Inc. v. Novelty, Inc.*, 482 F.3d 910, 916 (7th Cir. 2007).

## ANALYSIS

### A.  Plaintiffs do not demonstrate they have a registered copyright.

Registration of a copyright is an essential element of a copyright infringement case. Section 411 of the Copyright Act states that:

> [e]xcept for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C. § 411(a). The Supreme Court recently addressed the necessary inclusion of copyright registration prior to bringing a suit alleging copyright infringement in *Fourth Est. Pub. Benefit Corp.* v. *Wall-Street.com, LLC*, 139 S. Ct. 881, 887, 892 (2019) (affirming dismissal of complaint

filed prior to affirmatively obtaining copyright registration; holding that "registration" under Section 411 occurs "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application.").

Plaintiffs' Complaint does not sufficiently allege registration of any copyright. Rather, it merely states that "copyrights have been in effect since the date they were created" and that the "body of work are copyrighted under United States copyright law." ECF No. 1-2 at 8. Furthermore, the Complaint does not meet the exceptions set forth in § 106A(a) or § 411(c), which give certain additional protections to authors of visual art and individuals that author sounds or images. Plaintiffs also do not allege that they applied for preregistration under § 408(f). Therefore, because the Complaint "does not include a copy of the registration certificate, nor has compliance with the registration provisions of the Copyright Act otherwise been indicated," dismissal is proper. *Burns v. Rockwood Distrib. Co.*, 481 F. Supp. 841, 845 (N.D. Ill. 1979); *see also Est. of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 516 (N.D. Ill. 2011), *aff'd*, 523 F. App'x 407 (7th Cir. 2013) ("Plaintiff fails to allege that the other compositions have been registered and does not even allege that it currently owns the copyrights to these works. This is insufficient to state a claim.").

**B. Plaintiffs fail to demonstrate Defendant's knowledge of, or access to, their idea.**

Plaintiffs' claim fails for another reason. Plaintiffs have not sufficiently alleged that HBO had a reasonable possibility of access to the idea at issue. *See Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984) ("The plaintiff must always present sufficient evidence to support a reasonable possibility of access because the jury cannot draw an inference of access based upon speculation and conjecture alone."). Plaintiffs' Complaint outlines mere surface level allegations that are not adequately support with facts. In their response to the Motion to Dismiss, Plaintiffs expand on their allegations, but even this information fails to provide enough details to withstand dismissal.

4

Plaintiffs' claim is that on July 11, 2018, they published a "talk show/reality show trailer" entitled "Barbershops" where Plaintiff Muhammad would "sit down in barbershops and discuss different topics." ECF No. 9. Plaintiffs claim that forty-eight days later, Defendant premiered a show entitled "The Shop" using a barbershop as "the theme of the show." *Id*. Though Plaintiffs claim that their trailer had been "published world-wide through a major platform," Plaintiffs fail to plead sufficient facts to support this assertion and illustrate that Defendant would have ever seen the trailer. *See Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1096 (7th Cir. 2017) (Demonstrating that the plaintiff failed to show a reasonable possibility that builder had access to its proposed plans. Without access, the court reasoned, there could be no copying and no copyright infringement). In both the Complaint and response to the Motion to Dismiss, Plaintiffs never move beyond this mere conclusory statement. Thus, Plaintiffs did not demonstrate that Defendant would have reasonably known, or had access to, their idea.

## CONCLUSION

Plaintiffs fail to demonstrate that they have a copyright or that Defendant would have had access to their idea, among other defects. Accordingly, Defendant's [6] Motion to Dismiss is GRANTED and Plaintiffs' Complaint is dismissed. Since Plaintiffs are proceeding *pro se*, the Court will allow Plaintiffs thirty days to amend their Complaint. The Court may dismiss the case on its own accord if Plaintiffs fail to adequately remedy the Complaint's deficiencies.

ENTERED this 2nd day of August, 2021.

    /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge