UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WARITH R. MUHAMMAD and <br> RAW HIT ENTERTAINMENT, <br><br> Plaintiffs, <br><br> v. <br><br> HOME BOX OFFICE, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-1168 <br> ) <br> ) <br> ) <br> ) |

## ORDER AND OPINION

Pending before the Court is Defendant Home Box Office, Inc.'s Motion to Dismiss for Failure to State a Claim. ECF No. 12. Plaintiffs Warith R. Muhammad and Raw Hit Entertainment have not responded to Defendant's Motion, and their deadline for responding has passed. Accordingly, Defendant's Motion is ripe for review, and for the reasons stated below, Defendant's Motion to Dismiss [12] is granted.

The Court dismissed Plaintiffs' initial Complaint for failure to state a claim and allowed Plaintiffs the opportunity to amend their Complaint. ECF No. 10. Plaintiffs initially filed a demand letter that Plaintiff Warith R. Muhammad had sent Defendant and labelled it as a complaint. ECF No. 1-2. In that letter, Plaintiff Muhammad asserts that Defendant stole his idea for a television show and is violating his copyright. Plaintiff claims that he had a plan for a talk show taking place in a barbershop before HBO began producing a barbershop talk show with Lebron James. On August 2, 2021, the Court entered an Order dismissing Plaintiffs' initial Complaint for failure to state a claim. As explained in the Court's initial order, Plaintiffs did not plead sufficient facts to demonstrate that they do, in fact, hold a copyright. ECF No. 10. Moreover, Plaintiffs did not include facts to indicate that Defendant would have had access to their idea. In their response brief,

Plaintiffs also presented an implausible timeline of Plaintiffs posting a trailer for their show on Facebook and HBO producing a show with Lebron James and distributing their own trailer just fifteen days later. In the order dismissing Plaintiffs' initial Complaint, the Court explained the reasons why it found that Plaintiffs failed to state a claim. While additional amendments to the Complaint seemed unlikely to remedy the numerous deficiencies, because Plaintiffs proceeded *pro se*, the Court gave Plaintiffs the opportunity to amend their Complaint.

Plaintiffs purported Amended Complaint contains fewer facts and less clarity on the allegations against Defendant. It wholly fails to address the most serious issue in Plaintiffs' initial Complaint, that Plaintiffs did not sufficiently plead that they held a copyright. Plaintiffs purported Amended Complaint is two pages and only the first page contains any discussion of Plaintiffs' claims – the second page is a screen shot of a Facebook video. In the Amended Complaint, Plaintiffs assert that their trailer for the talk show was posted on Facebook, a platform "used by every law enforcement in the country." They also assert that an individual named Larrice Dukes worked with Lebron James and could have shown Mr. James Plaintiffs' ideas. ECF No. 11. This Amended Complaint contains less than a dozen short sentences with vague assertions regarding Ms. Dukes. Plaintiffs fail to explain how Ms. Dukes was involved with Plaintiffs and what the nature of Ms. Dukes alleged involvement with Lebron James was. As the Seventh Circuit has explained, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs' after-the-fact attempt to mold the facts to fit the necessary elements are little more than legal conclusions masquerading as facts and are not enough to support Plaintiffs' assertion that Mr. James or HBO was aware of Plaintiffs' idea.

Another critical factor in the Court's initial dismissal order was that Plaintiffs did not sufficiently allege that they held a copyright for this idea. Plaintiffs failed to address that argument in their initial response to Defendant's Motion to Dismiss. As Plaintiffs were *pro se*, the Court still gave Plaintiffs the opportunity to amend their Complaint to address this clear deficiency. The Court warned Plaintiff that it could dismiss the Amended Complaint if Plaintiffs again failed to state a claim. Plaintiffs made no attempt to address this issue.

Defendant requests that the Court dismiss the action with prejudice without granting Plaintiff an additional opportunity to amend their Complaint. "District courts have broad discretion to deny leave to amend where there is . . . repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Heng v. Heaving, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (denial of motion to amend due to futility appropriate where amended complaint still "pleaded in wholly conclusory terms" and failed the "plausibility threshold"); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citation and internal quotation marks omitted). Plaintiffs had the benefit of defending their initial Complaint when they filed their response to Defendant's initial motion to dismiss. *See* ECF No. 9. They failed to address Defendant's argument that Plaintiffs had not demonstrated that they had registered or preregistered their copyright— a prerequisite to filing a lawsuit. The Court explained its reasoning for dismissing Plaintiffs' initial Complaint and cautioned Plaintiffs that their case may be dismissed again if they did not adequately address the Court's concerns in their Amended Complaint. ECF No. 10. In their Amended Complaint Plaintiffs made no effort to demonstrate that

they hold a copyright and further did not provide sufficient facts to demonstrate that it was possible that Defendant would have known of their idea. At this juncture, it is clear that Plaintiffs are unable to state a claim and further amendments would be futile. Accordingly, the Court agrees with Defendant that dismissal with prejudice is appropriate.

## CONCLUSION

Accordingly, for the reasons stated above and for the reasons stated in the Court's initial order [12] Defendant's Motion to Dismiss [12] is GRANTED and Plaintiffs' Amended Complaint [11] is DISMISSED with prejudice. The Clerk is DIRECTED to close this case.

ENTERED this 20th day of September, 2021.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
